IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO TREJO-MUNOZ | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00868 |
| | § | |
| LARRY HENDERSON AND | § | |
| NOBLE TRUCKING, LLC | § | |
| | § | |
| *Defendants.* | § | |

## HENDERSON'S AND NOBLE TRUCKING'S
## NOTICE OF REMOVAL

### BACKGROUND

1.  This is a personal injury action arising from a motor vehicle accident that occurred in Harris County, Texas, on or about December 28, 2021.[1] Plaintiff, Gerardo Trejo-Munoz, claims he suffered personal injuries as a result of the alleged negligence of Defendants.

### STATE COURT ACTION

2.  Trejo-Munoz sued Henderson and Noble Trucking on February 22, 2022.[2] The case was filed in the 55th Judicial District Court of Harris County, Texas, under cause number 2022-11076, case style *Trejo-Munoz, Gerardo v. Larry Henderson and Noble Trucking, LLC*.[3]

---

[1] *See*, **Exhibit C**, *Plaintiff's Original Petition*, page 4, ¶ 7.
[2] *Id.*, at page 3.
[3] *Id.*, at page 1.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and no proper-party defendant is domiciled in the same state as Plaintiff. Under 28 U.S.C. § 1441(b)(2), no defendant is a citizen of Texas where this action was brought.

4. According to the Plaintiff's Original Petition, Trejo-Munoz resides in Harris County and appears to be a citizen of Texas. He also seeks damages in excess of $1,000,000.[4]

5. Henderson is a citizen of Tennessee.[5]

6. Noble Trucking has its principal place of business in Alabama.[6]

7. For these reasons, the amount-in-controversy and diversity requirements of 28 U.S.C. § 1332(a) are met, and the Court has original jurisdiction over this action.

## TIMELINESS

8. After Plaintiff filed his *Original Petition* on February 22, 2022, citation was issued on March 1, 2022.[7] Noble Trucking was served process on March 3, 2022,[8] less than 30 days prior to the filing of this Notice of Removal. Under 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely and proper.

9. On information and belief, no other defendant has been served with citation, so consent to removal is unnecessary under 28 U.S.C. § 1446(b)(2)(A).

---

[4] *Id.*, pages 3-4, ¶¶ 3-4.
[5] *Id.*, page 4, ¶ 5.
[6] *Id.*, page 4, ¶ 6.
[7] *Id.*, page 1.
[8] *See*, **Exhibit D**, *Affidavit of Service*, page 1.

## INSUFFICIENCY OF PLEADINGS:
## RULE 12(e) MOTION FOR MORE DEFINITE STATEMENTS

10. Plaintiff asserts claims of negligence per se against both Defendants,[9] and negligent entrustment, negligent hiring and retaining, and negligent training and supervision against Noble Trucking,[10] but alleges no facts to support these claims. Defendants request that Plaintiff be ordered to replead to provide fair notice of the factual basis of his negligence per se claims against both Defendants and his direct negligence claims against Noble Trucking.

## CONDITIONS PRECEDENT

11. Defendants tendered the required filing fee to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this Notice of Removal. Defendant will promptly file a copy of this Notice of Removal with the Harris County Clerk and will provide notice to Plaintiff through his counsel of record.

12. Copies of all executed process,[11] pleadings,[12] and orders filed in state court, as well as the docket sheet,[13] an index of documents being filed,[14] and list of counsel of recor[15] accompany this notice.

## CONDITIONAL REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

13. If Plaintiff contests this removal, Defendants request (1) a hearing regarding this Court's jurisdiction over, and the propriety of removal of, this matter; (2) the opportunity to present evidence demonstrating the existence of federal jurisdiction and the propriety of removal; and (3) leave to conduct limited discovery related to those issues.

---

[9] **Exhibit C**, pages 4-5, ¶¶ 7-9.
[10] *Id.*, page 5, ¶ 9.
[11] **Exhibit D**.
[12] **Exhibit C**.
[13] **Exhibit B**.
[14] **Exhibit A**.
[15] **Exhibit E**.

## JURY DEMAND

14. Defendants demand a jury trial.

## CONCLUSION

15. Defendants respectfully request that this action be removed from the 55th Judicial District Court of Harris County, Texas to this Court.

Respectfully submitted,

**THE FUENTES FIRM, P.C.**

/s/ *Sadi R. Antonmattei-Goitia*
SADI R. ANTONMATTEI-GOITIA
State Bar No. 24091383
Federal Bar No. 3244833
JUAN ROBERTO FUENTES
State Bar No. 24005405
Federal Bar No. 28591
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
sadi@fuentesfirm.com
juan@fuentesfirm.com
**ATTORNEY FOR DEFENDANTS
NOBLE TRUCKING, LLC
AND LARRY HENDERSON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record through the Court's ECF system on March 17, 2022:

Kiernan McAlpine              e-service@daspitlaw.com
Attorney for Plaintiff

/s/ *Sadi R. Antonmattei-Goitia*
SADI R. ANTONMATTEI-GOITIA