**EXHIBIT C**

CAUSE NO. 202211076

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 923509
TRACKING #: 73977779
EML

Plaintiff: TREJO-MUNOZ, GERARDO

vs.

Defendant: HENDERSON, LARRY

In The 055th
Judicial District Court of
Harris County, Texas

Houston, Texas

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

To:   NOBLE LLC (A SCOTTSBORO ALABAMA ENTITY) MAY BE SERVED WITH PROCESS BY SERVING ANY OFFICER DIRECTOR OR AGENT
P O BOX 908
SCOTTSBORO AL 35768

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on 2/22/2022 12:00:00 AM, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on March 1, 2022, under my hand and seal of said court.



Issued at the request of:
MCALPINE, KIERNAN ANGUS
440 LOUISIANA ST STE 1400
HOUSTON, TX 77006
713-322-4878

Bar Number: 24058519

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: PATRICIA JONES

EML

Tracking Number: 73977779

**CAUSE NUMBER: 202211076**

| | |
|---|---|
| PLAINTIFF: TREJO-MUNOZ, GERARDO | In the 055th |
| vs. | Judicial District Court of |
| DEFENDANT: HENDERSON, LARRY | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. On the _____ day of _____, 20_____.
Executed at

(Address)_____
_____ in _____ County at o'clock ___. M. On the _____ day of _____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the _____. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____,
20__.

Fees $_____

_____                By_____
            Affiant                                            Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___.

_____
Notary Public

Case 4:22-cv-00868   Document 1-4   Filed on 03/17/22 in TXSD   Page 3 of 8

2/22/2022 4:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61984590
By: Patricia Jones
Filed: 2/22/2022 4:54 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **GERARDO TREJO-MUNOZ** | § § § § § § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | | |
| v. | | **HARRIS COUNTY, TEXAS** |
| **LARRY HENDERSON and NOBLE LLC** | | |
| *Defendants.* | | \_\_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Gerardo Trejo-Munoz, (hereinafter, "Plaintiff"), complains of Defendants Larry Henderson and Noble Trucking LLC, (hereinafter, "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief, if necessary.

## Parties

4.  Plaintiff, Gerardo Trejo-Munoz, is a resident citizen of Harris County, Texas.

5.  Defendant Larry Henderson (hereinafter "Defendant Henderson") is a resident of Hamilton County, Tennessee. Defendant Henderson can be served with process at his residence at 3102 6th Avenue, Chattanooga, Tennessee 37407.

6.  Defendant Noble LLC (hereinafter "Noble") is a Scottsboro, Alabama entity engaged in business in Harris County, Texas. Defendant Noble can be served with process by serving any officer, director, member, or agent at P.O. Box 908, Scottsboro, AL 35768.

## Facts

7.  This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about December 28, 2021. At that time, Plaintiff was driving northbound on the West Sam Houston Parkway feeder road in the left most lane. Plaintiff was attempting to make a left turn onto Little York Road. Defendant Henderson was traveling in the lane adjacent to Plaintiff on the right and was also attempting to make a left turn. Defendant Henderson failed to maintain his lane, keep a proper look out, and apply timely brakes causing his vehicle to strike the passenger side of Plaintiff's vehicle. Defendant Henderson was driving his truck under the scope of his employment with Defendant Noble. As a result of Defendants' negligence and/or negligence *per se*, Plaintiff suffered extensive and permanent injuries.

8.  Defendant Henderson's aforementioned conduct constitutes negligence and/or negligence *per se* for one or more of the following reasons:

    a) Failing to control the vehicle's speed;

    b) Failed to timely apply his brakes

    c) Failed to yield right-of-way;

    d) Failing to operate the vehicle safely;

2

e) Failing to turn the vehicle in an effort to avoid a collision;

f) Failing to maintain a proper lookout in order to avoid a collision;

g) Failing to maintain a safe distance;

h) Failing to make a proper lane change;

i) Violating applicable, local, state, and federal laws and/or regulations; and

j) Other acts so deemed negligent.

9. Defendant Henderson was driving a vehicle under the scope of his employment with Defendant Noble. At all times material hereto, Defendant Henderson was operating the vehicle in the course and scope of his employment with Defendant Noble. As such, Defendant Noble is vicariously liable for Defendant Henderson's negligent acts and omissions under the doctrine of *respondeat superior*. Plaintiff further pleads that Defendant Noble was negligent and/or negligent *per se* for one or more of the following reasons:

a) Negligently entrusted a motor vehicle to an incompetent driver;

b) Negligently hired and/or retained employees;

c) Negligently trained and/or supervised employees;

d) Failed to maintain the vehicle in a reasonably safe condition;

e) Violated applicable local, state, and federal laws and/or regulations;

f) Other acts so deemed negligent.

10. As a result of these acts or omissions, Plaintiff claims all damages recognizable by law.

## **Damages**

11. By virtue of the actions and conduct of Defendants set forth above, Plaintiff is seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future pain, suffering and mental anguish;

3

   c. Past and future physical impairment;

   d. Past and future physical disfigurement;

   e. Past lost wages and future loss of earning capacity.

12. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Duty to Disclose

13. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

## Initial Disclosures

14. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

15. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment

interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may be justly entitled.

        Respectfully submitted,

        **DASPIT LAW FIRM, PLLC**

        */s/ Kiernan McAlpine*
        **Kiernan McAlpine**
        Texas State Bar No. 24058519
        440 Louisiana St., Suite 1400
        Houston, Texas 77002
        Telephone: (713) 322-4878
        Facsimile: (713) 587-9086
        Email: e-service@daspitlaw.com

        **ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Zorica Milivojevic on behalf of Kiernan McAlpine
Bar No. 24058519
zorica@daspitlaw.com
Envelope ID: 61984590
Status as of 2/23/2022 8:40 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zorica Milivojevic | | Zorica@daspitlaw.com | 2/22/2022 4:54:47 PM | SENT |
| Kiernan McAlpine | | kier@daspitlaw.com | 2/22/2022 4:54:47 PM | SENT |
| Milica Eror | | milica@daspitlaw.com | 2/22/2022 4:54:47 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 2/22/2022 4:54:47 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 2/22/2022 4:54:47 PM | SENT |
| Alma Lira | | alira@proactivelegal.com | 2/22/2022 4:54:47 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 2/22/2022 4:54:47 PM | SENT |